# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| ZACHARY R. STEENSTRA, Deceased, by MICHAEL S. DAVIS, as Administrator for the Estate and NORMAN STEENSTRA, JR., and SHARON ROON, Parents of ZACHARY R. STEENSTRA, Individually, <br><br> *Plaintiffs* <br> vs. <br><br> UNITED AIRLINES, INC., a Delaware Corporation, <br><br> *Defendant* | **COMPLAINT** <br> **JURY TRIAL DEMANDED** |

COMES NOW, Plaintiffs, MICHAEL S. DAVIS, as Administrator of the Estate of Zachary R. Steenstra, (hereinafter referred to as Zachary) and NORMAN STEENSTRA, JR. and SHARON ROON, parents of Zachary R. Steenstra, individually and in their own right, (hereinafter referred to as Plaintiffs), and on behalf of all heirs and beneficiaries, brings this Complaint against Defendant, UNITED AIRLINES, INC. (hereinafter referred to as UNITED).

## JURISDICTION

1.  Jurisdiction over these claims and UNITED exists pursuant to 28 U.S.C. § 1331 under a treaty of the United States of America, the Convention for the Unification of Certain Rules Relating to International Carriage by Air, signed at Warsaw on October 12, 1929 (known as the "Warsaw Convention") 49 stat., Part II, p.3000, 2 Bevans 983, 137 L.N.T.S. 11, as modified by the Convention for the Unification of Certain Rules for International Carriage by Air, opened for signature on 28 May, 1999 ICAO Doc. 9740 ("known as the "Montreal Convention"), and the 1995 IATA/Intercarrier Agreement which, among other things, eliminates any limitation on

1

damages. Both the United States of America and Japan are signatories to the Warsaw and Montreal Treaties. UNITED is a signatory to the IATA agreement.

2. Furthermore, this court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interests and costs. Diversity exists at the time of commencement of this action because Plaintiffs reside in Virginia and West Virginia, and Defendant, UNITED AIRLINES, INC., is a Delaware corporation with its headquarters in the State of Illinois, but was conducting substantial business in and had sufficient contacts with Virginia and specifically Dulles International Airport for this court to exercise jurisdiction.

## VENUE

3. Venue in this district satisfies the requirements of 28 U.S.C. § 1391 in that, as set out in this Complaint, Defendant, UNITED AIRLINES, INC., conducts substantial business in and is subject to personal jurisdiction in this district including substantial operations and flights at Dulles International Airport in Fairfax County, Virginia, in the Eastern District of Virginia. Venue in this district satisfies the requirements of § 1391 and Defendant is subject to personal jurisdiction in this district and has sufficient contacts with this district for this court to exercise both jurisdiction and venue.

## NATURE OF THE CAUSE OF ACTION

4. This is an action for damages on behalf of the Plaintiffs for personal injuries and death suffered when as a result of an accident on UNITED flight 803 on December 3, 2017, en route from Washington Dulles Airport (IAD) to Narita Airport near Tokyo, Japan (NRT),

Zachary R. Steenstra was denied reasonable medical care and emergency treatment by the negligent and knowing, intentional and egregious actions of UNITED.

## FACTUAL ALLEGATIONS

5. On or about December 3, 2017, UNITED was a common carrier which operated a Boeing 777-200 aircraft as UNITED Flight 803 (hereinafter the "subject flight"), offering non-stop service between Washington Dulles International Airport (IAD) and Tokyo Narita Airport (NRT). At all times relevant to this Complaint, UNITED owned, operated, and supervised the subject flight through its agents, employees and contractors, including its flight crew, cabin crews, dispatchers, schedulers, managers and others.

6. On or about December 3, 2017, Zachary was a passenger onboard the subject flight engaged in international travel pursuant to e-ticket Number 0165947208018 purchased in the United States of America.

7. On or about December 4, 2017, Zachary was ticketed to land at NRT, where Zachary was to connect with another UNITED flight, on his way to his final destination of Bangkok, Thailand (BKK)

8. Zachary was a citizen of, resided in, and purchased his ticket in the United States of America.

9. Zachary was just 37 years old, and athlete, in good health, and worked for the United States Department of Justice. Zachary performed work at various U.S. embassies, and was a frequent and experienced international traveler.

10. On December 3, 2017, Zachary boarded the UNITED AIRLINES flight 803 from Dulles to Tokyo intending to connect on to UNITED AIRLINES flight 7971 to Bangkok. Approximately 3 hours into flight, and after he had eaten the airline meal, he began to vomit,

experienced great pain, and then vomited blood. Zachary was in great pain and knew his condition was serious. UNITED provided no medical evaluation or treatment.

11. Zachary begged UNITED for the flight to be diverted and land at the nearest available airport so he could receive immediate emergency medical treatment. UNITED refused to divert and land, and unreasonably, negligently, willfully, intentionally, egregiously and knowingly denied Zachary medical care. The flight continued its over 13 hour flight. Zachary continued to vomit blood, growing weaker and his condition more grave with every passing minute.

12. By the time the flight traveled half way around the earth and landed in Tokyo, Zachary had vomited so much blood, was so weak and so grave, he could not walk or crawl from the plane. He was removed from the plane on a stretcher or gurney and he was subsequently taken first to a hospital without facilities adequate to provide medical care; and then transferred to a trauma hospital. The trauma hospital determined Zachary's esophagus had ruptured and/or separated from his stomach. Due to the delays in medical treatment caused by UNITED's refusal to land to permit Zachary to receive medical care, sepsis occurred and his condition rapidly deteriorated. With every hour that passes before sepsis is treated, the risk of death increases by approximately 7.6% per hour. The Tokyo doctors and hospital fought to save his life, but Zachary died.

13. At all relevant times herein, UNITED had operational and actual control of Zachary's flight.

14. At all times relevant herein, UNITED made the decision not to divert and land the plane. UNITED intentionally, negligently and egregiously made the decision to deny Zachary medical care and despite knowing the seriousness of Zachary's condition, despite the awareness

that he was vomiting blood, UNITED still refused to land the plane so Zachary could be transported to a hospital.

15. From the time Zachary started to vomit blood and beg for his life, UNITED refused to land the plane to save his life, over flying hundreds of suitable airports where UNITED could have landed and Zachary's life could have been saved.

16. Instead UNITED forced Zachary to endure at least ten hours on a flight with worsening sepsis, vomiting blood, bleeding internally, suffering from a ruptured or detached esophagus, and slowly and painfully dying.

17. UNITED ignored Zachary's pleas for medical care.

18. UNITED, knew or should have known of the risk of serious injury and death to Zachary by refusing to land so he could receive medical care.

19. UNITED had actual notice of Zachary's life-threatening situation.

20. UNITED knew or should have known that failing to divert and land so Zachary could be taken to a hospital could lead to his further deterioration and death. Despite the recognized danger, UNITED failed to divert and land, passing up hundreds of suitable airports where a safe landing could be made.

21. Defendant UNITED AIRLINES is a common carrier and owed the highest degree of care to all persons aboard its aircraft including Zachary, and owed a duty to all persons aboard the subject flight including Zachary to exercise the highest duty of care to prevent death and injury of any kind, including injury and death as a result of UNITED's failure and refusal to provide medical care, including by diverting and landing so Zachary could receive medical care. UNITED also failed and refused to provide medical assistance at any time during the flight. As a direct and proximate result of the willful misconduct, UNITED is liable for the damages

sustained by Plaintiffs and Plaintiffs are entitled to recover such damages to the extent allowed under all applicable treaties and laws.

### **NEGLIGENCE, WRONGFUL DEATH AND SURVIVAL CLAIMS AGAINST UNITED**

22. Plaintiffs re-allege and incorporate by reference as though fully set forth herein, all paragraphs of their Complaint.

23. At all times relevant, it was the duty of UNITED, by and through its agents and employees, to exercise the highest degree of care in the operation of the subject flight and to safeguard and care for the safety, health and life of its passengers.

24. The events alleged herein which occurred on board flight 803, and UNITED's failure and refusal to provide medical assistance, failure and refusal to have reasonable and required medical equipment on the flight and failure and refusal to divert and land, constituted an accident or unexpected unusual event that was external to Zachary as a passenger.

25. At all times relevant before the subject flight, the United States of America, Japan and UNITED signed and incorporated into UNITED's tariffs and contract of carriage all relevant treaties and international agreements under which UNITED assumes unlimited liability for passenger injury caused by an accident or unexpected unusual event within the meaning of the Montreal and other conventions.

26. The Treaties, Conventions and Agreements were intended, among other things, to be for the benefit of and to induce the patronage of the traveling public.

27. UNITED is liable for the injuries and damages to Plaintiffs because the accident causing the injuries and damages took place on an international UNITED AIRLINES flight, as defined by the Warsaw and Montreal Conventions.

28. As a direct and proximate result of the foregoing, Plaintiffs are entitled to recover damages alleged herein and UNITED is liable for compensatory damages in a sum within the jurisdiction of this court.

29. The failure of UNITED to adequately perform its duties, by providing reasonable safety measures including failing to land the plane to protect its passengers, constitutes a breach of its duty which included the highest standard of care owed as a common carrier to its passengers.

30. The life-threatening injuries, sepsis, vomiting blood, blood loss, and impending death suffered by Zachary were a direct and proximate result of UNITED's breach of duty, negligence, gross negligence and willful misconduct in the ownership, supervision and operation of the subject flight and failure and refusal to divert and land and provide any reasonable medical care. The injuries suffered by Plaintiffs were proximately caused by the negligence of UNITED, and UNITED is liable for all damages according to proof unless UNITED proves some other entity is entirely responsible for the injury and damages.

31. As a result of UNITED's negligence, Plaintiffs and Zachary suffered severe physical injuries, emotional trauma directly related to the physical injuries, loss of income, substantial medical expenses, wrongful death, funeral and other loss of life expenses, survival claims, and additional and continuing substantial damages and losses in amounts to be determined at trial.

## **REQUEST FOR RELIEF**

WHEREFORE Plaintiffs, having complained of the negligent, indeed willful, misconduct of Defendant UNITED, Plaintiffs request relief commensurate with the cause of action set forth herein, including but not limited to, an award for actual damages in an amount to be determined

by the trier of fact to be sufficient to compensate fully for all economic and compensatory losses suffered by Plaintiffs, pain and suffering, loss of services, an award of punitive damages as appropriate, in an amount determined to be sufficient to hold UNITED accountable for its gross negligence and willful misconduct to deter similar conduct in the future, reasonable attorneys' fees, the costs of this action, and such additional relief as this court deems equitable, just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED this 1st day of July, 2019.

Respectfully submitted

/s/ Susan L. Burke
Susan L. Burke
Virginia Bar # 27769
Mary F. Schiavo, Esquire
D.C. Bar #440175
MOTLEY RICE, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone:    (843) 216-9138
Facsimile:    (843) 216-9450
sburke@motleyrice.com
mschiavo@motleyrice.com
melsner@motleyrice.com

/s/ John H. Tinney Jr.
John H. Tinney, Jr., Esquire
W. Va. Bar # 6970
HENDRICKSON & LONG, PLLC
214 Capitol Street
Charleston, WV  25301
Telephone:    (304) 346-5500
Facsimile:    (304) 346-5515
jtinney@handl.com

*Attorneys for Plaintiffs*