**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| ZACHARY R. STEENSTRA, by Michael S. Davis, as Administrator for the Estate and Norman Steenstra, Jr., and Sharon Roon, Parents of Zachary R. Steenstra, individually, | Case No. 1:19-cv-00876-TSE-MSN |
| Plaintiffs, | |
| v. | |
| UNITED AIRLINES, INC., | |
| Defendant. | |

## DEFENDANT'S ANSWER TO THE FIRST AMENDED COMPLAINT

Defendant United Airlines, Inc. ("Defendant" or "United"), by counsel, respectfully submits its Answer to Plaintiffs' First Amended Complaint and states as follows:[1]

## AS TO JURISDICTION

1.      The allegations contained in Paragraph 1 of the First Amended Complaint are conclusions of law to which no response is required.  United respectfully refers all questions of law to the Court.  To the extent a response is required, United denies the allegations contained in Paragraph 1 of the First Amended Complaint.

2.      The allegations contained in Paragraph 2 of the First Amended Complaint are conclusions of law to which no response is required.  United respectfully refers all questions of

---

[1] Each paragraph of this Answer constitutes Defendant's answer to the same numbered paragraph of the First Amended Complaint.  Defendant denies each and every allegation of the First Amended Complaint not specifically admitted in this Answer.

law to the Court.  To the extent a response is required, United denies the allegations contained in Paragraph 2 of the First Amended Complaint.

## AS TO VENUE

3.      The allegations contained in Paragraph 3 of the First Amended Complaint are conclusions of law to which no response is required.  United respectfully refers all questions of law to the Court.  To the extent a response is required, United denies the allegations contained in Paragraph 3 of the First Amended Complaint, except admits that United operates flights out of Washington Dulles International Airport in Virginia.

## AS TO NATURE OF THE CAUSE OF ACTION

4.      United denies the allegations contained in Paragraph 4 of the First Amended Complaint.

## AS TO FACTUAL ALLEGATIONS

5.       United denies the allegations in Paragraph 5 of the First Amended Complaint, except admits that United was and is an air carrier as defined by 49 U.S.C. § 40102; that it operates under an Air Carrier Certificate pursuant to 49 U.S.C. § 41101 *et seq.*; that it is fully authorized to operate passenger flights, and that it operated United Flight 803 on December 3, 2017 between Washington Dulles International Airport and Tokyo Narita Airport.

6.      United lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6 of the First Amended Complaint, except admits that Zachary Steenstra was a passenger on United Flight 803 on December 3, 2017 with ticket number 0165947208018.

7.      United lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 of the First Amended Complaint, except admits that

Zachary Steenstra was a passenger aboard United Flight 803 on December 3, 2017 between Washington Dulles International Airport and Tokyo Narita Airport and that he had a scheduled connection in Tokyo Narita Airport to a flight destined for Bangkok, Thailand.

8.      United lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8 of the First Amended Complaint.

9.      United lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the First Amended Complaint.

10.     United denies the allegations contained in Paragraph 10 of the First Amended Complaint, except admits that Zachary Steenstra was a passenger aboard United Flight 803 on December 3, 2017 between Washington Dulles International Airport and Tokyo Narita Airport and that he had a scheduled connection in Tokyo Narita Airport to a flight destined for Bangkok, Thailand.

11.     United denies the allegations contained in Paragraph 11 of the First Amended Complaint, except admits that United Flight 803 flew non-stop from Washington Dulles International Airport to Tokyo Narita Airport.

12.     United denies the allegations contained in Paragraph 12 of the First Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the medical treatment Zachary Steenstra obtained after landing at Tokyo Narita Airport, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the diagnosis and cause of Zachary Steenstra's medical condition, and admits that Zachary Steenstra received assistance from medical personnel to disembark from United Flight 803.

13.     United denies the allegations contained in Paragraph 13 of the First Amended Complaint except admits that on December 3, 2017 it operated United Flight 803 from Washington Dulles International Airport to Tokyo Narita Airport.

14.     United denies the allegations contained in Paragraph 14 of the First Amended Complaint, except admits that United Flight 803 landed at its original destination of Tokyo Narita Airport.

15.     United denies the allegations contained in Paragraph 15 of the First Amended Complaint.

16.     United denies the allegations contained in Paragraph 16 of the First Amended Complaint.

17.     United denies the allegations contained in Paragraph 17 of the First Amended Complaint.

18.     United denies the allegations contained in Paragraph 18 of the First Amended Complaint.

19.     United denies the allegations contained in Paragraph 19 of the First Amended Complaint.

20.     United denies the allegations contained in Paragraph 20 of the First Amended Complaint.

21.     United denies the allegations contained in Paragraph 21 of the First Amended Complaint, except admits that it was and is an air carrier as defined by 49 U.S.C. § 40102; that it operates under an Air Carrier Certificate pursuant to 49 U.S.C. § 41101 *et seq.*; and that it is fully authorized to operate passenger flights. United respectfully refers all questions of law to the Court.

## AS TO CAUSE OF ACTION

22.     United incorporates its responses to Paragraphs 1-21 of the First Amended Complaint as if set forth fully herein.

23.     The allegations contained in Paragraph 23 of the First Amended Complaint are conclusions of law to which no response is required.  United respectfully refers all questions of law to the Court.  To the extent a response is required, United denies the allegations contained in Paragraph 23 of the First Amended Complaint.

24.     The allegations contained in Paragraph 24 of the First Amended Complaint are conclusions of law to which no response is required.  United respectfully refers all questions of law to the Court.  To the extent a response is required, United denies the allegations contained in Paragraph 24 of the First Amended Complaint.

25.     United denies the allegations contained in Paragraph 25 of the First Amended Complaint.

26.     United denies the allegations contained in Paragraph 26 of the First Amended Complaint and respectfully refers all questions of law to the Court.

27.      United denies the allegations contained in Paragraph 27 of the First Amended Complaint and further notes that the allegations, as drafted, are vague an ambiguous.

28.     United denies the allegations contained in Paragraph 28 of the First Amended Complaint.

29.     United denies the allegations contained in Paragraph 29 of the First Amended Complaint.

30.     United denies the allegations contained in Paragraph 30 of the First Amended Complaint.

31.     United denies the allegations contained in Paragraph 31 of the First Amended Complaint.

32.     United denies the allegations contained in Paragraph 32 of the First Amended Complaint.

## AS TO REQUEST FOR RELIEF

United denies the allegations contained in the paragraph under the header "Request for Relief" and denies that Plaintiffs are entitled to an award of damages from United.

## AFFIRMATIVE DEFENSES

By way of further Answer to Plaintiffs' First Amended Complaint, United sets forth the following separate Defenses and Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

1.     The First Amended Complaint fails to state a cause of action upon which relief can be granted against United.

## SECOND AFFIRMATIVE DEFENSE

2.     The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of the Montreal Convention and the rights of the Plaintiffs are governed exclusively by the provisions of the Montreal Convention.

## THIRD AFFIRMATIVE DEFENSE

3.     Any state law claims asserted by Plaintiffs against United, if any, are preempted by the Montreal Convention.  *See, e.g., El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155 (1999).

## FOURTH AFFIRMATIVE DEFENSE

4.      Pursuant to Articles 20 and 21 of the Montreal Convention, United is not liable to Plaintiffs because any alleged damages sustained by Plaintiffs were not due to the fault, neglect, want of care or other culpable conduct on the part of United or its servants or agents.

## FIFTH AFFIRMATIVE DEFENSE

5.      Upon information and belief, pursuant to Articles 20 and 21 of the Montreal Convention, United is not liable to Plaintiffs because any alleged damages sustained by Plaintiffs were solely due to the fault, neglect, want of care or other culpable conduct on the part of a third party.

## SIXTH AFFIRMATIVE DEFENSE

6.      Pursuant to Article 21 of the Montreal Convention, the liability of United, if any, is limited to Plaintiffs' provable damages up to a maximum of 113,100 SDRs.

## SEVENTH AFFIRMATIVE DEFENSE

7.      United is not liable for Plaintiffs' alleged injuries because they were not caused by an "accident" within the meaning of Article 17 of the Montreal Convention.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Pursuant to Article 17 of the Montreal Convention, Plaintiffs may only recover damages for bodily injury of Zachary Steenstra.

## NINTH AFFIRMATIVE DEFENSE

9.      Any claim for punitive or exemplary damages by Plaintiffs, if any, is barred by Article 29 of the Montreal Convention.

## TENTH AFFIRMATIVE DEFENSE

10.     Upon information and belief, the alleged actions of United were not the proximate, factual or legal cause of any injury or loss allegedly suffered by Plaintiffs.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     Upon information and belief, the alleged injuries and damages were caused by the contributory negligence and/or culpable conduct of Zachary Steenstra.

**TWELFTH AFFIRMATIVE DEFENSE**

12.     Upon information and belief, the damages alleged were brought about, in whole or in part, by an intervening and superseding cause and were not caused by United or by any third-party for whom United is responsible.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.     Upon information and belief, Plaintiffs' purported claims for relief as set forth in the First Amended Complaint are barred in that the accident, injuries and damages alleged therein were proximately caused by the negligence and tortious conduct of persons or entities other than United and/or its employees and/or agents, in that such conduct bars recovery herein against United.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.     Upon information and belief, Plaintiffs' claims are barred, in whole or in part, by the failure to mitigate the alleged damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.     This action should be dismissed or transferred based on improper forum and/or venue, and under the doctrine of forum non conveniens.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.     Pursuant to tariffs and/or conditions of contract as set forth in the relevant contract of transportation, United is not liable to Plaintiffs or, in the alternative, United's liability is limited.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.     Any applicable statute(s) of limitations should be applied.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiffs' claims are preempted by federal law, including, but not limited to, federal regulations, the Airline Deregulation Act, 49 U.S.C. § 41713 (2009), and the Federal Aviation Act, 49 U.S.C. §§ 40101-49105 (2009).

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Upon information and belief, Plaintiffs' economic loss, if any, was or will be replaced or indemnified, in whole or in part, from collateral sources, and United is entitled to have the Court consider the same in determining and reducing any such damages.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     United reserves the right to assert additional affirmative defenses as may be revealed during discovery and as justice requires.

## NOTICE OF APPLICABILITY OF FOREIGN LAW

21.     Some or all of the claims or defenses asserted in this cause may be governed by the substantive law of another jurisdiction, including the law of Thailand.

**WHEREFORE**, United demands judgment dismissing the First Amended Complaint, with prejudice, together with the costs and disbursements of this action and for such other and further relief as this Court may deem just and proper.

Dated: September 3, 2019                   Respectfully submitted,

                                          UNITED AIRLINES, INC.
                                          By Counsel

                                          /s/ Justin deBettencourt
                                          Justin deBettencourt (VSB No. 83806)
                                          REED SMITH LLP
                                          7900 Tysons One Place, Suite 500
                                          McLean, Virginia 22102
                                          (703) 641-4200 (Telephone)
                                          (703) 641-4340 (Facsimile)
                                          jdebettencourt@reedsmith.com


                                          /s/ Oliver Beiersdorf
                                          Oliver Beiersdorf
                                          REED SMITH LLP
                                          599 Lexington Avenue, 22nd Floor
                                          New York, NY 10022
                                          Tel: (212) 521-5400
                                          Fax: (212) 521-5450
                                          obeiersdorf@reedsmith.com
                                          *(admitted pro hac vice)*

                                          *Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 3, 2019, I caused the foregoing to be filed electronically with the Clerk of the Court using CM/ECF, which will then send a notification of such filing to all counsel of record.

/s/ Justin deBettencourt
*Counsel for Defendant*